IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FARMERS INSURANCE EXCHANGE *as Subrogee of Mark and Mary Favia*, MARK FAVIA, and MARY FAVIA, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:11-CV-2405-L** |
| MTD PRODUCTS, INC., | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion to Remand and request for attorney's fees, filed September 28, 2011. After carefully reviewing the motion, briefs, record, and applicable law, the court **grants** Plaintiffs' Motion to Remand and **denies** Plaintiffs' request for attorney's fees.

**I.    Factual and Procedural Background**

Plaintiffs Farmers Insurance Exchange ("FIE") and Mark and Mary Favia (collectively "Plaintiffs") originally filed this action on August 19, 2011, in the 249th Judicial District Court, Johnson County, Texas, asserting various state law claims against Defendant MTD Products, Inc. ("MTD") and seeking over $550,000 in damages resulting from a fire at the Favias's residence that was allegedly caused by a Troy-Bilt riding lawn mower manufactured by MTD.

On September 9, 2011, MTD removed the action to federal court based on diversity jurisdiction. Plaintiffs moved to remand the action on September 28, 2011. The parties do not dispute that FIE is an unincorporated association, but they disagree whether FIE's insured or customers qualify as members of FIE for purposes of determining whether diversity exists.

**Memorandum Opinion and Order – Page 1**

## II.     Legal Standard for Removal and Diversity Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).     Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004).  "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."  *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

**III.     Analysis**

As previously stated, the parties disagree whether diversity jurisdiction exists. Plaintiffs seek $560,770.32 in damages, as well as an unspecified amount for attorney's fees. Plaintiffs' alleged damages therefore exceed the amount in controversy required for diversity jurisdiction. Thus, diversity jurisdiction exists if there is complete diversity of citizenship among the parties.

According to Plaintiffs' petition, FIE is an insurance carrier authorized to conduct business in Texas, and has over 75,000 insurance subscribers or insureds in Ohio. MTD has its principal place of business in Ohio. Plaintiffs further assert that FIE is a reciprocal insurance exchange and therefore considered an unincorporated association for purposes diversity jurisdiction. Plaintiffs thus contend that all of FIE's subscribers or policy holders are considered members whose citizenship must be considered in determining FIE's citizenship as an unincorporated association. Because FIE has subscribers or members in Ohio, Plaintiffs contend that FIE is a citizen of Ohio and diversity jurisdiction is lacking. Plaintiffs submitted a copy of the Favias's insurance policy in support of their Motion to Remand.

MTD does not dispute that FIE is an unincorporated association but counters that FIE does not qualify as an insurance exchange and this fact is borne out by the "Reciprocal Policy Conditions" in the Favias's homeowners insurance policy. MTD Resp. 3, ¶ 7. MTD contends that FIE does not meets its own definition of a reciprocal insurance exchange, that is, an insurance company that is cooperatively owned by those it insures. According to MTD, the provisions in FIE's "Reciprocal Policy Condition" demonstrate that FIE's "insureds are nothing more than its customers" because (1) FIE's insureds pay nothing to join the exchange other than insurance premiums; (2) FIE's insureds have no liability other than premiums paid; and (3) An insured's

**Memorandum Opinion and Order – Page 4**

"Membership" in the exchange terminates upon cancellation of the insurance policy. *Id.* Based on this, MTD argues, without any reference to legal authority, that FIE's insureds are neither owners nor members of FIE and should not be considered for purposes of diversity jurisdiction.

MTD further contends that even if FIE qualifies as a reciprocal insurance exchange, diversity still exists because FIE's insurance policy holders are merely customers, not members of FIE. For support, MTD relies on *Erie Insurance Exchange v. Davenport*, 616 F. Supp. 2d 578 (D. Md. 2009); *Garcia v. Farmers Insurance Exchange*, 121 F. Supp. 2d 667 (N.D. Ill. 2000); and *Roberts v. Standard Insurance Company*, No. 04-C-2027, 2004 WL 2367741 (N.D. Ill. Oct. 15, 2004). MTD also cites *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), for the proposition that even if FIE's policy holders are viewed as its shareholders, the result is the same because shareholders of a trust are not real parties to the controversy and should not be considered for purposes of diversity jurisdiction.

Additionally, relying on *Royal Insurance Company v. Quinn-L Capital Corporation*, 3 F.3d 877 (5th Cir. 1993), for the proposition that the only relevant inquiry is the identification of the members of the particular entity, MTD contends that FIE's true member is Zurich Financial Services Group ("Zurich"). According to MTD, Zurich holds itself out in its 2010 Annual Report as the owner of several Farmer's entities, including Farmer's Group, Inc. ("FGI"), and characterizes its relationship with FIE as that of an attorney-in-fact. MTD contends that this same publicly available information further demonstrates that FIE is operated and owned by FGI. Thus, MTD contends FIE is an insurance exchange in name only, regardless of how FIE and Zurich characterize their relationship through public filings.

**Memorandum Opinion and Order – Page 5**

Generally in a reciprocal insurance exchange, "members undertake to insure each other by a mutual exchange of insurance contracts." *Ourso v. United Services Auto. Ass'n*, No. 06-4354, 2007 WL 275902, at *1 (E.D. La. Jan. 25, 2007) (citing *R.E. Arbuthnot v. State Auto. Ins. Ass'n*, 264 F.2d 260, 261, n.1 (10th Cir. 1959); *see also* Tex. Ins. Code Ann. § 942.002. "As an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court." *True v. Robles*, 571 F.3d 412, 422 n.2 (5th Cir. 2009).

The court in the *Royal* case cited by MTD dealt with the issue as to whom constitutes a member of a particular Lloyd's plan insurance association. *Id.* at 882. Although Texas's statutory scheme for Lloyd's insurance plans is different from that applicable to reciprocal insurance exchanges, the court's analysis in *Royal* is still instructive. MTD is correct that *Royal* focused on the particular entity at hand. More importantly, the court concluded that normally an examination of the entity's definition of "member" should be done. *Id*. Such an examination was ultimately unnecessary in *Royal*, however, because the court concluded that the disputed relationship of the attorney-in-fact to the Lloyd's group was described in the Texas Insurance Code. As explained below, both FIE's definition of member, as well as sections of the Texas Insurance Code applicable to reciprocal insurance exchanges lead the court to conclude that FIE's members are its policy holders.

The Reciprocal Policy Conditions contained in the Favias's Texas Homeowners Policy state in pertinent part:

> Wherever the works 'Policy,' 'Insured,' 'Company,' Premium,' and 'President,' occur herein they shall be taken and construed to mean 'Contract,' 'Subscriber,' 'Reciprocal or Inter-Insurance Exchange,' 'Deposit,' and 'Attorney-in -Fact,' respectively.

**Memorandum Opinion and Order – Page 6**

> This policy is issued as an Inter-Insurance Exchange . . . by the Fire Underwriters Association or the Farmers Underwriters Association as Attorney-in-Fact for the Fire Insurance Exchange in accordance with the powers vested in it by an agreement, executed by subscribers.
>
> Membership Fee paid for membership in the Exchange is not a part of the premium and is fully earned upon membership being granted and coverage effected.
> . . .
> **The insured is by virtue of this policy a member of the Exchange . . . in accordance with the provision of the Texas Insurance Code**, of 1951, as amended.
>
> The annual meeting of the members of the Fire Insurance Exchange shall be held at the Home Office of the Exchange at Los Angeles, California, on the first Monday following the 15th day of March of each year, at the hour of 10 A.M. . . . unless the Board of Governors shall elect to change the time and place of such meeting . . . The Board of Governors shall be chosen by the subscribers from among themselves, at the annual meeting, or any special meeting held for that purposes, and shall have full power and authority to establish rules and regulations for the management of the Exchange not inconsistent with subscribers' agreement.

(Doc. 4-1, p. 2) (emphasis added). Thus, FIE defines its members as its policy holders or insureds. This is consistent with courts that have defined the members of an insurance exchange as "both the insures and the insureds." *Baer v. United Services Auto. Ass'n*, 503 F.2d 393, 395 n.2 (2d Cir. 1974) (applying Texas statutory law); *R.E. Arbuthnot*, 264 F.2d at 261 n.1; *Isidore v. USAA Ins. Co.*, No. Civ. A. 09-1333, 2009 WL 1564807, at *1 (E.D. La. June 2, 2009); *Ourso*, 2007 WL 275902 at *1. It is also consistent with the Texas Insurance Code's definition of subscriber as including individuals who enter into reciprocal or interinsurance contracts but not the attorneys-in-fact who assist subscribers in entering reciprocal or interinsurance contracts. Tex. Ins. Code. Ann. § 942.001 (4) ("'Subscriber' means an individual, partnership, or corporation who, through an attorney in fact, enters into a reciprocal or interinsurance contract.").

Moreover, contrary to MTD's assertion, the Texas Insurance Code allows insurance exchanges to limit the liability of its subscribers to the amount of the premium paid. Tex. Ins. Code.

Ann. § 942.152 ("[T]he subscribers of the insurance exchange may provide by agreement that the premium or premium deposit specified in the reciprocal or interinsurance contract constitutes the entire liability of the subscribers through the exchange."); *see also True*, 571 F.3d at 422 (citing section 942.152 and concluding that "if an exchange complies with the statutory financial requirements relating to the maintenance of sufficient unencumbered surplus, the individual liability of the subscribers may be limited to their annual premiums.").

In its review of Texas statutory requirements applicable to reciprocal insurance exchanges, the court was unable to find anything that prohibits cancellation of membership upon termination of an insurance policy. As noted by Plaintiffs, a reciprocal insurance exchange is by definition an insurance company cooperatively owned by those it insures, not those formerly insured. Pls.' Mot. 3, ¶ 6. Further, the Texas Insurance Code does not require that members or subscribers of an insurance exchange pay more than their premiums for membership and MTD cites no statutory or case authority to the contrary. Finally, because FIE is an unincorporated association, it is irrelevant for purposes of diversity jurisdiction whether Zurich or FGI own, operate, or manage FIE. Based on the foregoing, the court concludes that FIE's policy holders are its members, and because FIE has policy holders in Ohio, complete diversity is lacking.

Although the Fifth Circuit has not addressed the specific issue as to whom constitutes a member of a reciprocal insurance exchange, the court's opinion in *Royal* establishes that the analysis is case and fact specific. To the extent the Illinois and Maryland cases cites by MTD adopt the *per se* rule that policy holders of a reciprocal insurance exchange are merely customers and can never be considered members, the court determines that it is contrary to the law of this circuit and not binding on this court. Moreover, at least one court has found "*Davenport* and *Garcia* to be against

**Memorandum Opinion and Order – Page 8**

the greater weight of authority." *Erie Ins. Exchange v. Electrolux Home Products, Inc.*, No. 10-CV-615, 2011 WL 2945814, *2 (W.D. N.C. July 15, 2011).

### IV.     MTD's Request for Discovery

MTD contends that sufficient facts and evidence exist for the court to decide the issue of whether diversity exists but asserts that "additional discovery may be necessary" if Plaintiffs submit additional evidence or arguments regarding the subject insurance policy or challenge information in Zurich's 2010 publicly available Annual Report. MTD Resp. 7, ¶15. The court agrees that it has sufficient information before it to determine whether diversity jurisdiction exists. Moreover, vague assertions such as those by MTD that discovery may be necessary or that discovery will produce needed but unspecified facts are insufficient to entitle it to discovery. *See Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993) (denying request for additional discovery in Rule 56(f) context based on party's vague assertion that additional discovery is necessary). Additionally, Plaintiffs did not submit additional evidence regarding Zurich's Annual Report or the Favias's insurance policy, and the court did not consider any additional evidence. Accordingly, MTD's request for additional discovery is **denied**.

### V.     Attorney's Fees

Plaintiffs request an award of attorney's fees incurred in filing the motion to remand. Courts have discretion in awarding attorney's fees to reimburse a plaintiff for costs associated in obtaining a remand. *See* 28 U.S.C. § 1447(c). Absent unusual circumstances, however, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Given the lack of case law dealing with the specific issue addressed

in this order, the court concludes that an objectively reasonable basis arguably existed for the removal. In other words, reasonable minds could differ whether this case was removable. The court therefore concludes that the imposition of attorney's fees is not warranted.

## VI. Conclusion

For the reasons explained, complete diversity of citizenship does not exist between the parties. As a result, the court lacks subject matter jurisdiction over this action. The court therefore **grants** Plaintiffs' Motion to Remand. Plaintiffs' request for attorney's fees is **denied.** The court, pursuant to 28 U.S.C. § 1447(c), **remands** this action to the 249th Judicial District Court, Johnson County, Texas, from which it was removed. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 22nd day of November, 2011.

                                            Sam A. Lindsay
                                            United States District Judge